PER CURIAM.
Rosemary Houston appeals her conviction for trafficking in cocaine. We affirm.
Defendant offered to sell an undercover police officer two kilos of cocaine. On the way to the house where the drugs were located, she talked of her experience in the drug business and of past trouble for heroin trafficking charges. Once at the drug site, the officer inspected the package of cocaine then returned to his car for money. At that time, he signaled to his backups that he had seen the cocaine; then he returned, unarmed, to the house. The door closed and locked behind him. There was disputed testimony as to whether the police announced their presence before they broke the door down and entered the house. The cocaine was seized and the defendant was arrested. A motion to suppress the cocaine based on the failure of the arresting officers to comply with the knock-and-announce requirements of section 901.19(1), Florida Statutes (1987) was denied. Houston was convicted of drug trafficking. She now appeals.
We affirm the conviction based on the rule of State v. Hume, 512 So.2d 185 (Fla.1987). In that case, as here, the defendant invited an undercover agent into his home and openly engaged in criminal conduct in the agent’s presence. The supreme court held that statutory provisions did not require “that the arresting officers ‘knock and announce’ after the agent within the premises had summoned them to assist in safely arresting the defendant and seizing the contraband.” Id. at 189. By comparison, only the accident of the door completely closing behind the undercover agent separates this case factually from Hume where the agent within opened the door for his backups. Therefore, because the facts of this case come within the parameters of Hume, we uphold the conviction.
As to defendant's second ground for reversal, we hold that only proper evidence of predisposition was admitted to rebut her claim of entrapment. Thus, neither was admission of evidence concerning the defendant’s prior criminal acts a ground for reversal.
Accordingly, we uphold the conviction.